[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 14, 2010
JOHN LEY
CLERK

No. 09-14523
Non-Argument Calendar

_____

D. C. Docket No. 09-20424-CR-UU

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ANTONIO RUIZ-FLORES,
a.k.a. Jose Luis Canales,
a.k.a. Juan Jose Gomez-Carrasco,
a.k.a. Juan Sanchez-Mendez,
a.k.a. Jose Gomez,
a.k.a. Jose Luis Rios Canales,
a.k.a. Jose Luis Mendoza Canales,
a.k.a. Jose Canales Mendoza,
a.k.a. Jose Rios Canales,
a.k.a. Juan Mendez,
a.k.a. Jose Luis Vasquez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 14, 2010)

Before TJOFLAT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Jose Antonio Ruiz-Flores appeals his 60-month sentence, twice the length of the top end of the applicable advisory guidelines range, for illegally re-entering the United States after having been deported as a non-aggravated felon, in violation of 8 U.S.C. § 1326(a) and (b)(1). On appeal, Ruiz-Flores makes three arguments. First, he argues that the district court's four-level increase of his offense level pursuant to U.S.S.G. § 2L1.2 is inherently unreasonable and results in impermissible double-counting of a defendant's criminal history. Second, he argues that his sentence was unreasonable under the 18 U.S.C. § 3553(a) sentencing factors. Third, he argues that his sentence was unreasonable in light of the disparity between his sentence and the sentences of defendants who are indicted and sentenced in so-called "fast-track districts."

I.

Although Ruiz-Flores argues that his sentence was unreasonable due to the inherent unreasonableness of § 2L1.2, the reasonableness standard only applies when reviewing a defendant's final sentence, rather than "each individual decision made during the sentencing process." *United States v. Winingear*, 422 F.3d 1241, 1245 (11th Cir. 2005). As to those individual decisions, plain-error review applies

when "a defendant fails to clearly articulate a specific objection during sentencing," thus waiving the objection on appeal. *United States v. Zinn*, 321 F.3d 1084, 1088 (11th Cir. 2003) (emphasis omitted). Because Ruiz-Flores challenges § 2L1.2 for the first time on appeal, we review the district court's application of § 2L1.2 for plain error. Under plain-error review, the defendant must demonstrate that (1) an error occurred, (2) the error was plain, (3) the error affected substantial rights, and (4) the error seriously affected the fairness, integrity, or public reputation of judicial proceedings. *See, e.g.*, *United States v. Camacho-Ibarquen*, 410 F.3d 1307, 1315 (11th Cir. 2005). Generally, "[a]n error is not plain unless it is contrary to explicit statutory provisions or to on-point precedent in this Court or the Supreme Court." *United States v. Schultz*, 565 F.3d 1353, 1357 (11th Cir. 2009).

The district court's application of § 2L1.2 was not plain error. "Double counting a factor during sentencing is permissible if the Sentencing Commission intended the result, and if the result is permissible because each section concerns conceptually separate notions relating to sentencing." *United States v. Adeleke*, 968 F.2d 1159, 1161 (11th Cir. 1992) (quotation omitted). As to U.S.S.G. § 2L1.2, the Sentencing Commission intended prior felony convictions to count both under the criminal history category and § 2L1.2(b)(1)(D). *See* U.S.S.G. § 2L1.2,

3

comment. (n.6) ("A conviction taken into account under subsection (b)(1) is not excluded from consideration of whether that conviction receives criminal history points . . ."). In addition, those two sections serve different purposes. *Adeleke*, 968 F.2d at 1161 ("The criminal history section is designed to punish likely recidivists more severely, while the enhancement under § 2L1.2 is designed to deter aliens who have been convicted of a felony from re-entering the United States."). Section 2L1.2, therefore, does not result in impermissible double-counting. *Id.* Ruiz-Flores's challenge is without merit because § 2L1.2 does not result in impermissible double-counting and the district court, therefore, did not err, much less plainly err, in any reliance it placed on that guidelines provision.

II.

Ruiz-Flores next argues that his 60-month sentence was unreasonable because it represents a major departure from the applicable guidelines range of 24 to 30 months. We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591, 169 L.Ed.2d 445 (2007). Reasonableness review involves a two-step process. *United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009), *cert. denied*, 129 S. Ct. 2847 (2009). First, we determine whether the district court

committed any significant procedural error; second, if we find the sentence to be procedurally sound, we review the substantive reasonableness of the sentence under the totality of the circumstances, "including the extent of any variance from the Guidelines range." *Id.* (quotation omitted).

A district court commits a significant procedural sentencing error if it, for example, (1) improperly calculates the guidelines range, (2) treats the Guidelines as mandatory, (3) fails to consider the 18 U.S.C. § 3553(a) sentencing factors, (4) selects a sentence based on clearly erroneous facts, or (5) fails to explain the chosen sentence adequately. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. With regard to the fifth type of procedural error, the district court "should set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356, 127 S. Ct. 2456, 2468, 168 L.Ed.2d 203 (2007). "Sometimes the circumstances will call for a brief explanation; sometimes they will call for a lengthier explanation." *Id.* at 357, 127 S. Ct. at 2468. "Where the judge imposes a sentence outside the Guidelines, the judge will explain why he has done so." *Id.* Nevertheless, "it [is] not incumbent on the District Judge to raise every conceivably relevant issue on his own initiative." *Gall*, 552 U.S. at 54, 128 S. Ct. at 599.

In this case, the district court thoroughly explained why it was imposing a sentence above the top end of the applicable guidelines range. The court explained that the guidelines range for Ruiz-Flores's offense did not accurately reflect the 18 U.S.C. § 3553(a) factors as they applied to him, reasoning that Ruiz-Flores's extensive criminal history and three prior convictions for illegal re-entry warranted an upward variance under those factors. We therefore detect no procedural error in the district court's sentencing of Ruiz-Flores.

If there is no procedural error, we then review the substantive reasonableness of the sentence. *Id.* at 51, 128 S. Ct. at 597. "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). A sentence is substantively unreasonable if, under the totality of the circumstances, it fails to achieve the purposes of sentencing listed in 18 U.S.C. § 3553(a). *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008).

We "recognize that there is a range of reasonable sentences from which the district court may choose." *Talley*, 431 F.3d at 788. "In reviewing the reasonableness of a sentence outside the Guidelines range, appellate courts may [ ] take the degree of variance into account and consider the extent of a deviation from the Guidelines." *Gall*, 552 U.S. at 47, 128 S. Ct. at 594-95. Generally, "a major

6

departure should be supported by a more significant justification than a minor one." *Id.* at 50, 128 S. Ct. at 597. No "presumption of unreasonableness" attaches to a sentence outside the guidelines range. *Id.* at 47, 128 S. Ct. at 595.

Moreover, "[b]ecause of its institutional advantage in making sentence determinations, a district court has considerable discretion in deciding whether the § 3553(a) factors justify a variance and the extent of one that is appropriate." *Shaw*, 560 F.3d at 1238 (quotations and citation omitted). Stated differently,

> [w]e may vacate a sentence because of the variance only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case.

*Id.* (quotation omitted). "[T]hat we might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal." *Id.* (quotation omitted). In reviewing the substantive reasonableness of a sentence, we have compared the actual sentence imposed to the applicable statutory maximum term of imprisonment. *See, e.g.*, *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (holding that the defendant's 50-month sentence for violating 8 U.S.C. § 1326(b)(1) was substantively reasonable in part because the sentence was well below the statutory maximum of 10 years' imprisonment), *cert. denied*, 129 S. Ct. 2848 (2009); *Winingear*, 422 F.3d at 1246.

7

Ruiz-Flores's sentence was not substantively unreasonable because, while it exceeded the top end of the guidelines range for his offense level, that range failed to account fully for his extensive criminal history, especially his three prior convictions for the same offense as the instant offense. We are further persuaded that the sentence was not substantively unreasonable by the fact that Ruiz-Flores's 60-month sentence fell well below the statutory maximum term of imprisonment of ten years. *See* 8 U.S.C. § 1326(b)(1).

### III.

As to Ruiz-Flores's third point of error, we have held that district courts, when considering sentencing disparity under § 3553(a)(6), may not take into account the availability of "fast-track" early disposition programs in other districts. *See United States v. Vega-Castillo*, 540 F.3d 1235, 1238-39 (11th Cir. 2008), *cert. denied*, 129 S. Ct. 2825 (2009). Our precedent therefore forecloses Ruiz-Flores's argument that the availability of "fast-track" early disposition programs in some districts but not others leads to disparities in sentencing.

Upon consideration of the record on appeal, and after review of the parties' briefs, we affirm Ruiz-Flores's sentence.

**AFFIRMED.**[1]

---

[1]    Appellant's request for oral argument is denied.